UNITED STATES, Appellee

V.

Edwin R. PALAGAR, Chief Warrant Officer Two
U.S. Army, Appellant

No. 01-0519

Crim. App. No. 9900781

United States Court of Appeals for the Armed Forces

Argued November 28, 2001

Decided February 11, 2002

GIERKE, J., delivered the opinion of the Court, in which
EFFRON and BAKER, JJ., and SULLIVAN, S.J., joined.
CRAWFORD, C.J., filed an opinion concurring in
part and dissenting in part.

Counsel

For Appellant:  Captain Mary E. Card (argued); Colonel Adele H.
    Odegard, Lieutenant Colonel E. Allen Chandler, Jr., and Major
    Imogene M. Jamison (on brief); Lieutenant Colonel David A.
    Mayfield and Captain Kevin J. Mikolashek.

For Appellee:  Major Paul T. Cygnarowicz (argued); Colonel Steven
    T. Salata and Lieutenant Colonel Denise R. Lind (on brief).

Military Judge:  Robert F. Holland

**This opinion is subject to editorial correction before final publication.**

Judge GIERKE delivered the opinion of the Court.

The issue in this case involves the remedy for multiplicity where several crimes are charged as separate offenses in violation of specific punitive articles of the Uniform Code of Military Justice (UCMJ), and the same crimes also are charged in a single specification alleging that they constitute conduct unbecoming an officer, in violation of Article 133, UCMJ, 10 USC § 933.

Appellant, a battalion maintenance officer, was issued an International Merchant Purchase Authorization Card (IMPAC), a government credit card. He used the IMPAC card to make $2,242 worth of unauthorized purchases for his personal use. Appellant signed and submitted a false "Statement of Account" to his IMPAC approving official, and he supported this statement with phony receipts that he created on a computer. The phony receipts purported to document purchases that were never made. Appellant also altered some receipts by writing over the unauthorized items or by folding and photocopying the receipts to conceal his purchases of unauthorized items, and he submitted the altered receipts to an officer appointed to investigate his suspected misuse of the IMPAC card.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of signing a false official record, larceny, obstructing justice by submitting altered receipts to the investigating officer, and conduct unbecoming an officer by making unauthorized purchases with the IMPAC card and concealing those purchases by altering receipts and creating phony receipts, in violation of Articles 107, 121,

l34, and 133, UCMJ, 10 USC §§ 907, 921, 934, and 933, respectively. The military judge denied a defense motion to dismiss the larceny and obstructing justice charges as multiplicious with the charge of conduct unbecoming an officer. Before the military judge announced the sentence, however, he informed the parties that he considered "the clear overlap and relation between the misconduct which makes up the subject matter of all of these offenses" as a "matter of extenuation." The military judge sentenced appellant to dismissal, confinement for two years, and total forfeitures. In accordance with a pretrial agreement, the convening authority approved the dismissal and forfeitures but reduced the confinement to twelve months.

In an unpublished opinion, the Court of Criminal Appeals held that the larceny and conduct unbecoming an officer charges were not multiplicious. The court further held, however, that the charges of obstructing justice and conduct unbecoming an officer were multiplicious, and it allowed the Government to elect which multiplicious conviction would be retained. The Government elected to retain the conviction of obstructing justice, and it suggested that the court affirm the conviction of conduct unbecoming an officer except for the finding that appellant submitted altered receipts to the investigating officer. The court accepted the Government's suggestion, and it remedied the overlap by affirming only so much of the conviction of conduct unbecoming an officer as found that appellant made unauthorized purchases with the IMPAC card and created phony receipts to conceal the unauthorized purchases. The court reassessed and affirmed the approved sentence.

This Court granted review of the following issue:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN ALLOWING THE GOVERNMENT TO ELECT TO SET ASIDE CERTAIN LANGUAGE IN ONE OF TWO MULTIPLICIOUS SPECIFICATIONS IN ORDER FOR EACH SPECIFICATION TO STAND.

Appellant argues that the Court of Criminal Appeals should have set aside the lesser-included offense of obstructing justice. He argues that the court erred by allowing the Government to elect not only which specification would be affirmed but also which language would be retained, thereby permitting the Government to amend a specification during the appellate process, and permitting appellant's conviction of two separate crimes instead of one. The Government asserts that appellant was properly convicted of three separate offenses: larceny, obstruction of justice, and conduct unbecoming an officer; and that the court below properly remedied the multiplicity.

We hold that the court below did not err by permitting the Government to elect which finding of guilty would be affirmed. We hold further that the lower court's methodology was consistent with this Court's decisions when it affirmed only so much of the conviction of conduct unbecoming an officer as did not overlap with the lesser-included offense of obstructing justice. However, we hold that the lower court's corrective action in this case did not remedy the multiplicity of the larceny and conduct unbecoming an officer.

Offenses are multiplicious if one is a lesser-included offense of the other. See United States v. Cherukuri, 53 MJ 68, 72 (2000). The issue whether offenses stand in the relationship

of greater and lesser-included offenses is a question of law that we review de novo.  Id. at 71; United States v. Rodriquez, 18 MJ 363, 369 n.4 (CMA 1989).

Paragraph 59c(2), Part IV, Manual for Courts-Martial, United States (2000 ed.),[1] explains that Article 133 "includes acts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and a gentleman."  Whenever a specific offense is also charged as conduct unbecoming an officer, "the elements of proof are the same as those set forth in the paragraph which treats that specific offense, with the additional requirement that the act or omission constitutes conduct unbecoming an officer and gentleman."  Id.  Thus, when a specific offense is also charged as a violation of Article 133, this Court has treated the specific offense as a lesser-included offense.  See United States v. Frelix-Vann, 55 MJ 329, 331 (2001) (larceny necessarily included in conduct unbecoming by committing larceny);[2] Cherukuri, 53 MJ at 73-74 (four indecent assaults included in conduct unbecoming by committing the four indecent assaults); United States v. Harwood, 46 MJ 26, 28-29 (1997) (fraternization under Article 134 included in conduct unbecoming by fraternizing under Article 133); Rodriquez, supra at 369 (possession and use of marijuana under Article 134 (before

---

[1] All cited provisions of the Manual are the same as those in effect at the time of appellant's court-martial.

[2] The military judge and the Court of Criminal Appeals did not have the benefit of this Court's decision in Frelix-Vann, because it was decided after appellant's court-martial and the decision below.

enactment of Article 112a) included in conduct unbecoming by possession and use of marijuana under Article 133).

In Frelix-Vann and Cherukuri, supra, this Court ordered a remand to the court below so that the Government could elect which conviction to retain. In permitting an election, this Court recognized that disapproving either conviction would remedy the multiplicity. In Harwood and Rodriguez, supra, this Court dismissed the lesser-included offense and affirmed the sentence.

In this case, the court below adopted our methodology in Frelix-Vann and Cherukuri, and it allowed the Government to elect which conviction to retain. The Government opted for the greater offense under Article 133. Instead of dismissing the lesser-included offense, the lower court dismissed only so much of the greater offense as overlapped the lesser-included offense. This action was not inconsistent with the decisions of this Court. The error to be remedied is a double conviction for the same act. The lower court's decision eliminated the double conviction for obstructing justice. Thus, we hold that the lower court did not err by setting aside so much of the conviction of conduct unbecoming an officer as was included in the obstruction of justice.

The lower court neglected, however, to remedy the multiplicity of larceny and conduct unbecoming by committing larceny. Appellant was convicted of larceny by using the IMPAC card to charge the Government for personal purchases. He was also convicted of conduct unbecoming an officer by using the IMPAC card for "unauthorized purchases." The "unauthorized purchases" were the same items he was convicted of stealing.

6

Thus, in accordance with Frelix-Vann, supra, we hold that the conviction of larceny was multiplicious with the conviction of conduct unbecoming an officer by making "unauthorized purchases" with the IMPAC card.  Rather than order a remand in this case to permit the Government to make another election, we will, in the interests of justice and judicial economy, set aside the conviction of larceny, the lesser-included offense, as we did in Harwood and Rodriguez, supra.

Finally, we hold that appellant was not prejudiced as to sentence by the multiplicity.  The maximum punishment was not changed by the decision of the court below, and it remains unchanged by our decision.  The parties agreed that appellant's conviction of conduct unbecoming an officer, as originally charged, was punishable by a dismissal, total forfeitures, and confinement for five years, based on the maximum sentence for obstructing justice.  See para. 96e, Part IV, Manual, supra.  As a result of the decision of the court below and this Court, appellant remains convicted of conduct unbecoming an officer by creating phony receipts.  The "most analogous offense" to creating the phony receipts is making a false official record, in violation of Article 107, UCMJ, punishable by a dismissal, total forfeitures, and confinement for five years.  This is the same as the maximum punishment considered by the military judge when he imposed the sentence.  See paras. 31e and 59e, Part IV, Manual, supra.

The military judge specifically stated that he considered the "clear overlap" among the offenses in determining an appropriate sentence.  We are satisfied that the military judge

sentenced appellant for his crimes and not for the number of punitive articles violated by each crime.  Accordingly, we find no prejudice as to sentence.

## Decision

The decision of the United States Army Court of Criminal Appeals is reversed with respect to Charge III and its specification.  The findings of guilty of Charge III and its specification are set aside, and Charge III and its specification are dismissed.  In all other respects, the decision of the court below is affirmed.

United States v. Palagar, No. 01-0519/AR

CRAWFORD, Chief Judge (concurring in part and dissenting in part):

I agree that the Court of Criminal Appeals did not err when it set aside so much of the conviction of conduct unbecoming an officer as was included in the charge of obstructing justice. If two specifications allege the same criminal misconduct -- the pleadings and elements of two statutes define but one offense -- the Government should be able to excise language from one specification so that the two charges no longer twice put an accused in jeopardy for the same offense.  See generally Rutledge v. United States, 517 U.S. 292 (1996); Ball v. United States, 470 U.S. 856 (1985); United States v. Quiroz, 55 MJ 334, 343-44 (2001)(Crawford, C.J., dissenting).

I do not agree that the charge of larceny, in violation of Article 121, and the charge of conduct unbecoming an officer, in violation of Article 133, for the same larcenous misconduct are multiplicious, under either the statutory elements test or the pleadings elements test.  See United States v. Frelix-Vann, 55 MJ 329, 333 (2001)(Crawford, C.J., dissenting); see also Quiroz, supra at 339 (Crawford, C.J., dissenting).

Finally, I agree that appellant suffered no prejudice with regard to his sentence.  See generally United States v. Britton, 47 MJ 195, 202 (1997)(Effron, J., concurring)(discussing the practical effects of multiplicity litigation).