UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Colonel NIKKI S. MCCARTY
 United States Army, Appellant

 ARMY 20060218

 21st Theater Support Command
 James L. Pohl and Denise R. Lind, Military Judges
 Colonel Scott W. Arnold, Staff Judge Advocate (trial and addendum)
 Lieutenant Colonel Daria P. Wollschlaeger, Acting Staff Judge Advocate
 (recommendation)

For Appellant: Major Billy B. Ruhling, JA; Mary T. Hall, Esquire (on
brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Captain Larry W. Downend, JA, JA; Major Jay Eiche, JA (on brief).

 27 February 2008

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 Upon review of the case before us under Article 66, Uniform Code of
Military Justice, we concur in part with the defense assertion that certain
language in Specification 5 of Charge I is multiplicious with Specification
3 of Charge I, but further find other language in Specification 5 is not
multiplicious with Specification 3 as alleged. United States v. Palagar,
56 M.J. 294, 296-97 (C.A.A.F. 2002) (holding that the “lower court did not
err by setting aside so much of conviction of conduct unbecoming an officer
as was included in the obstruction of justice”); see also Rule for Court-
Martial [hereinafter R.C.M.] 907(b)(3). We will cure the error in findings
by striking the multiplicious language, “that the said Colonel Nikki S.
McCarty wanted to have sex with her, and that it would be the best sex she
ever had because the said Colonel Nikki S. McCarthy is Italian,” from
Specification 5 of Charge I.

 We also note certain language in Specification 9 of Charge I,
“repeatedly,” and Specification 4 of Charge IV, “down her sides and,” is
not supported by the evidence. There is sufficient evidence to support the
findings of guilty with remaining language in those specifications. R.C.M.
918(a)(1); see also United States v. Finch, 64 M.J. 118, 123 (C.A.A.F.
2006) (variance between pleadings and proof was not fatal); United States
v. Marrie, 39 M.J. 993, 1002-05 (A.F.C.M.R. 1994) (amending specifications
to properly reflect the evidence presented at trial). We will remedy this
error in our decretal paragraph.

 Accordingly, we amend Specification 5 of Charge I to read as follows:

 In that Colonel Nikki S. McCarty, U.S. Army, at or near Camp
 Bondsteel, Kosovo, on or about 8 April 2005, did maltreat Major
 Kate McCarthy, a person subject to his orders, by telling her
 that her husband was probably fooling around on her, or words to
 that effect.

 We amend Specification 9 of Charge I to read as follows:

 In that Colonel Nikki S. McCarty, U.S. Army, at or near Camp
 Bondsteel, Kosovo, on or about 1 May 2005, did maltreat
 Lieutenant Colonel Pamela D. Boles, a person subject to his
 orders, by telling her that he wished she was single.

 We amend Specification 4 of Charge IV to read as follows:

 In that Colonel Nikki S. McCarty, U.S. Army, did, at or near
 Camp Bondsteel, Kosovo, on or between 1 April 2005 and 30 April
 2005, commit an indecent assault upon Major Mary L. West, a
 person not his wife, by running his hands down the front of her
 uniform, with the intent to gratify his lust or sexual desires.

 The amended specifications and the remaining findings of guilty are
affirmed. We have considered the remaining assignments of error and find
them to be without merit. Reassessing the sentence of the basis of the
error noted, the entire record, and applying the principles of United
States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, 63
M.J. 40 (C.A.A.F. 2006), including Judge Baker’s concurring opinion, the
remaining findings and sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court