# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Two RICHARD SERVANTEZ**
**United States Army, Appellant**

ARMY 20120217

Headquarters, Defense Language Institute Foreign Language Center
David L. Conn, Military Judge
Lieutenant Colonel William A. Schmittel, Staff Judge Advocate

For Appellant: Colonel Edye U. Moran, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Michael J. Frank, JA (on brief).

7 November 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of maltreatment, one specification of conduct unbecoming an officer, and one specification of fraternization in violation of Articles 93, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 933, and 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal and a reprimand. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant raises three assignments of error, only one of which merits discussion and relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find they warrant neither discussion nor relief.

## LAW & DISCUSSION

In his third assignment of error, appellant alleges that his convictions for maltreatment in violation of Article 93, UCMJ (the specification of Charge III) and for conduct unbecoming an officer in violation of Article 133, UCMJ (the specification of Charge IV) are multiplicious. The government concedes that the two specifications as charged are multiplicious. We agree and accept the government's concession.

Offenses are multiplicious if one is a lesser-included offense of the other. *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). Article 133, UCMJ, specifically "includes acts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and a gentleman." *Manual for Courts–Martial, United States* (2008 ed.), pt. IV, ¶ 59.c(2). In such cases, the elements of proof for the Article 133, UCMJ, offense "are the same as those set forth in the paragraph which treats that specific offense, with the additional requirement that the act or omission constitutes conduct unbecoming an officer and gentleman." *MCM*, pt. IV, ¶ 59.c(2). Consequently, our superior court has repeatedly held that when a specific offense is also charged as a violation of Article 133, UCMJ, the specific offense is the lesser-included offense. *Palagar*, 56 M.J. at 296; *United States v. Cherukuri*, 53 M.J. 68, 73-74 (C.A.A.F. 2000); *United States v. Frelix–Vann*, 55 M.J. 329, 331 (C.A.A.F. 2001).

In view of the specifications before us, it is clear that the crime of maltreatment was alleged as the sole basis for the unbecoming an officer specification. Thus, the specification of Charge III (maltreatment in violation of Article 93, UCMJ) is a lesser included offense of the specification of Charge IV (conduct unbecoming an officer in violation of Article 133, UCMJ), and one charge must be set aside and dismissed. *See United States. v. Deland,* 22 M.J. 70, 75 (C.M.A. 1986) ("Congress never intended for findings of guilty of the same act or omission to be affirmed under both Article 133 and a specific punitive article, so one or the other must be set aside.").

In the past, our superior court has allowed the government to elect which conviction to retain. *Palagar*, 56 M.J. at 296-297; *Cherukuri*, 53 M.J. at 74; *United States v. Frelix–Vann*, 55 M.J. at 333. The government has requested this court to vacate appellant's conviction as to the greater offense of conduct unbecoming an officer (the specification of Charge IV). We will do so in the decretal paragraph.

## CONCLUSION

The finding of guilty of Charge IV and its specification are set aside and dismissed. The military judge found the Specification of Charge III and the Specification of Charge IV to be an unreasonable multiplication of charges for sentencing. As such, reassessing the sentence on the basis of the error noted, the

entire record of trial, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), no sentence relief is warranted.  The remaining findings of guilty and the sentence are AFFIRMED.  All rights, privileges, and property of which appellant has been deprived by virtue of the finding of guilty set aside by the decision are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court