# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel KEITH A. JACKSON**
**United States Army, Appellant**

ARMY 20120026

Headquarters, United States Army Maneuver Support Center of Excellence
Fort Leonard Wood, Missouri
Jeffrey R. Nance, Military Judge
Lieutenant Colonel Jim Tripp, Acting Staff Judge Advocate (pre-trial)
Colonel James R. Agar II, Staff Judge Advocate (post-trial)

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

26 November 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sixteen specifications of attempted indecent language and two specifications of conduct unbecoming an officer, in violation of Articles 80 and 133, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 880, 933 (2006). The military judge sentenced appellant to a dismissal. The convening authority approved the adjudged sentence.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion and

relief.[1]  Appellant argues that his convictions for attempted indecent language are multiplicious and constitute an unreasonable multiplication of charges with the second specification of the conduct unbecoming charge.  The government concedes, and we agree, that the second specification of the conduct unbecoming an officer conviction is multiplicious and must be set aside.  Therefore, we need not reach the assignment of error regarding unreasonable multiplication of charges.

## BACKGROUND

Over the course of several months, appellant used his web camera to transfer obscene material over the internet to a person he believed to be a girl under sixteen years of age.  He also communicated indecent language to the same person.  The person on the receiving end of appellant's transmissions was actually a detective assigned to the cyber crimes task force.  At trial, appellant did not dispute that he sent the videos and communicated indecent language to someone, but argued that due to his heavy drinking and subsequent black outs, he was merely role playing with a person he believed to be an adult.

At trial, the defense made a motion to dismiss the attempted indecent language specifications of Charge I, under Article 80, UCMJ as being multiplicious and an unreasonable multiplication of charges.  The defense asserted the Article 80, UCMJ specifications were based on the same conduct that formed the basis of the conduct unbecoming an officer specifications under Article 133, UCMJ, contained in Charge II.  The military judge found appellant guilty of Specifications 3-18 of Charge I, and both specifications of Charge II.  After findings, the military judge denied the multiplicity portion of the motion, but found that under the facts of this case, Specification 2 of the Article 133, UCMJ offense was an unreasonable multiplication of charges with the remaining Article 80, UCMJ convictions for purposes of sentencing.

## LAW AND DISCUSSION

Article 133, UCMJ "includes acts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and gentleman." *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002) (quoting *Manual for*

---

[1] We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and determined they do not merit discussion or relief.

*Courts-Martial, United States* (2000 ed.) [hereinafter *MCM*], Part IV, ¶ 59.c.(2)).[2] "Whenever a specific offense is also charged as conduct unbecoming an officer, 'the elements of proof are the same as those set forth in the paragraph which treats that specific offense, with the additional requirement that the act or omission constitutes conduct unbecoming an officer and gentleman.'" *Palagar*, 56 M.J. at 296. When a specific offense is also charged as a violation of Article 133, UCMJ, our superior court has treated the specific offense as a lesser included offense. *Id.*; *see United States v. Frelix-Vann*, 55 M.J. 329, 331 (C.A.A.F. 2001) (holding that since the crime of larceny was alleged as the sole basis for the conduct unbecoming an officer specification, the Article 121, UCMJ was a lesser included offense of the Article 133, UCMJ offense).

"The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense. *See* Article 44(a), UCMJ*, [ ]; Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010).

We find that appellant's attempted indecent language convictions are based on the same criminal conduct as the second specification of the conduct unbecoming conviction. Although the Article 80, UCMJ specifications actually address more instances of the indecent language than the Article 133, UCMJ specification, both "describe substantially the same misconduct in two different ways." R.C.M. 907(b)(3) discussion. Put another way, as charged in this case, it is impossible to commit the Article 133, UCMJ offense without first having committed the Article 80, UCMJ offenses. *See Schmuck v. United States*, 489 U.S. 705, 719 (1989) (citing *Giles v. United States*, 144 F.2d 860 (9th Cir. 1944). It follows that while the Article 133, UCMJ offense requires proof of a fact that the Article 80, UCMJ offense does not, the opposite is not true. *See Blockburger*, 284 U.S. at 304 ("the test to be applied to determine whether there are two offenses or only one, is whether *each* provision requires proof of an additional fact which the other does not . . . .") (emphasis added). Accordingly, appellant's conviction for conduct unbecoming an officer for communicating indecent language to a person appellant believed to be a child under the age of sixteen years is multiplicious with the attempt to communicate indecent language and one of the offenses must be set aside.

---

[2] This language from the *MCM* has remained unchanged for all times relevant to this appeal.

We would normally dismiss the conviction for the lesser-included offense. *See United States v. St. John*, 72 M.J. 685, 689 (Army. Ct. Crim. App. 2013). However, in both *Frelix–Vann* and *United States v. Cherukuri*, 53 M.J. 68, 74 (C.A.A.F. 2000), our superior court ordered a remand to the service court where the government could elect which conviction to retain. In permitting an election, the Court ". . . recognized that disapproving either conviction would remedy the multiplicity." *Palagar*, 56 M.J. at 296. In this case, the government elects to dismiss Specification 2 of Charge II, and retain appellant's convictions for Specifications 3 through 18 of Charge I.

## CONCLUSION

The finding of guilty of Specification 2 of Charge II is set aside and that specification is dismissed. On consideration of the entire record, the assigned errors, and the matters personally raised by appellant pursuant to *Grostefon*, the remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED.[3] All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] In our review of the sentence, we specifically considered appellant's eligibility for retirement. Additionally, we note that the military judge found that Specification 2 of Charge II constituted an unreasonable multiplication of charges with the remaining Article 80, UCMJ offenses for purposes of sentencing.

4