# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL V. FRANZA**
**United States Army, Appellant**

ARMY 20130813

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Sebastian A. Edwards, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Captain Patrick J. Scudieri, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.2, no response filed.

19 May 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

Upon review of the entire record pursuant to Article 66(c), UCMJ, we note that appellant was charged with and pleaded guilty to both wrongfully distributing and possessing a controlled substance (Specifications 1 and 2 of Charge II, respectively).  The distribution and possession were both alleged to have occurred on the same day.  Appellant distributed all of this particular controlled substance that he possessed, and the record does not reflect that appellant possessed this controlled substance for any substantial amount of time between acquiring and distributing it.  Given the pleadings and the lack of any contrary evidence in the record, we conclude that appellant's possession of this controlled substance is multiplicious with the distribution.  *Cf. United States v. Zubko*, 18 M.J. 378, 386 (C.M.A. 1984) ("The elements of this possession offense were necessarily included within the elements of proof for this distribution offense."); *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002) ("Offenses are multiplicious if one is a lesser-included offense of the other.").  Although we set aside this conviction for wrongfully possessing a controlled substance, our holding does not affect the sentence.  The penalty landscape at this special court-martial has not changed, and

FRANZA—ARMY 20130813

the admissible aggravation evidence remains the same as well.[*] *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Accordingly, the finding of guilty of Specification 2 of Charge II is set aside, and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Considering the modified findings, we find the sentence as approved by the convening authority is appropriate and is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Although appellant stipulated as a matter of fact that these offenses were neither multiplicious nor an unreasonable multiplication of charges, this stipulation was not further developed on the record. Under the circumstances, we do not conclude that this stipulation constituted an affirmative waiver of a multiplicity claim.