# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RYAN W. ROCHFORD**
**United States Army, Appellant**

ARMY 20140565

Headquarters, 25th Infantry Division
David L. Conn, Military Judge (arraignment)
Jeffrey D. Lippert, Military Judge (trial)
Colonel William D. Smoot, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

27 July 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a special court-martial convicted appellant, contrary to his pleas, of two specifications of attempt to dispose of military property, one specification of conspiracy to commit wrongful disposition of military property, one specification of false official statement, and one specification of wrongful disposition of military property, in violation of Articles 80, 81, 107, and 108 Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 907, 908 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, thirty days confinement, and to be reduced to the grade of E-1.  The convening authority approved the sentence as adjudged.

We now review appellant's case under Article 66, UCMJ.  Appellant raises four assignments of error, one of which requires discussion and relief.  The matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant discussion or relief.

**BACKGROUND**

In January 2013, appellant approached Private First Class (PFC) L.A.M. and asked him if he wanted to purchase some pyrotechnics. Private First Class L.A.M. apparently agreed to appellant's offer at that time, but the sale did not take place until January 2014, when appellant again approached him asking if he was still interested in buying pyrotechnics. Private First Class L.A.M. testified that he bought two red star clusters, two artillery simulator grenades, and one smoke grenade from appellant for a total price of twenty-five dollars. On 24 January 2014, military police lawfully searched PFC L.A.M.'s privately owned vehicle during a traffic stop and found pyrotechnics in the bed of his truck. Photographs of the items were taken.

Investigator BL was called to the scene to assist and appellant's company commander, Captain (CPT) MT, arrived to collect lot numbers from the items to determine if they were from his company. Staff Sergeant (SSG) DB, an Explosive Ordinance Disposal (EOD) technician, took possession of the items found and expended them at a range, hours after they had been retrieved in accordance with established procedures.

Neither Investigator BL nor CPT MT could determine whether the items were in fact military property. At trial, the military judge asked Investigator BL and CPT MT whether they believed the items looked like military property, to which both answered in the affirmative. Further, SSG DB testified he believed the lot numbers identified the pyrotechnics as military property, and based on his experience, the items appeared to be military property and not improvised explosives. The government also admitted the photographs of these items into evidence.

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

> CHARGE I: Violation of the UCMJ, Article 80.
>
> Specification 2: In that [appellant], U.S. Army, did, at or near Schofield Barracks Hawaii, between on or about 1 January 2014 and on or about 31 January 2014, without proper authority, attempt to dispose of military property by giving it to PFC L.A.M., explosives of a value under $500, military property of the United States.
>
> CHARGE IV: Violation of the UCMJ, Article 108.
>
> The Specification: In that [appellant], U.S. Army, did, at or near Schofield Barracks Hawaii, between on or about 1

January 2014 and on or about 25 January 2014, without proper authority, dispose of by giving to PFC L.A.M. two (2) red star cluster flares, two (2) hand grenade simulators, a smoke grenade, explosives of a value less than $500, military property of the United States.

The panel convicted appellant of Specification 2 of Charge I (attempt to commit a wrongful disposition of military property) but changed the dates of the specification from "1 February 2013 and on or about 28 February 2013" to "1 January 2014 and on or about 31 January 2014." As a result of the date change, after findings, the military judge merged Specification 2 of Charge I (attempt to commit a wrongful disposition of military property) with The Specification of Charge IV (wrongful disposition of military property) for sentencing purposes.

## LAW AND DISCUSSION

### *Multiplicity*

Appellant was convicted, *inter alia,* of wrongful disposition of military property and a lesser-included offense of an attempt to commit a wrongful disposition of the same military property. Appellant asserts the two charges are multiplicious; we agree. *See United States v. Teters*, 37 M.J. 370 (C.M.A. 1993); *See also United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). Additionally, the government concedes the elements of the attempt are subsumed by the greater offense. In this case, the exact same evidence supports the attempt to commit wrongful disposition of military property and the wrongful disposition of military property. The panel's date change confirms the attempt and completed crime are based on the same event. While the military judge recognized that the two offenses merged as a result of the panel's findings by exceptions and substitutions, he erred in merging the specifications only for sentencing purposes. Thus, this court will set aside the finding of guilty of Specification 2 of Charge I.

## CONCLUSION

After consideration of the entire record of trial, appellant's assignments of error, and the matters personally raised by appellant pursuant to *Grostefon*, the finding of guilty of Specification 2 of Charge I is set aside and is DISMISSED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court