CRAWFORD, Chief Judge
(concurring in part and dissenting in part):
I agree that the Court of Criminal Appeals did not err when it set aside so much of the conviction of conduct unbecoming an officer as was included in the charge of obstructing justice. If two specifications allege the same criminal misconduct — the pleadings and elements of two statutes define but one offense — the Government should be able to excise language from one specification so that the two charges no longer twice put an accused in jeopardy for the same offense. See generally Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); United States v. Quiroz, 55 MJ 334, 343-44 (2001)(Crawford, C.J., dissenting).
I do not agree that the charge of larceny, in violation of Article 121, and the charge of conduct unbecoming an officer, in violation of Article 133, for the same larcenous misconduct are multiplicious, under either the statutory elements test or the pleadings elements test. See United States v. Frelix-Vann, 55 MJ 329, 333 (2001)(Crawford, C.J., dissenting); see also Quiroz, supra at 339 (Crawford, C.J., dissenting).
*298 Finally, I agree that appellant suffered no prejudice with regard to his sentence. See generally United States v. Britton, 47 MJ 195, 202 (1997)(Effron, J., concurring)(discussing the practical effects of multiplicity litigation).