# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant ROGAN E. LAMPE**
**United States Army, Appellant**

ARMY 20120741

U.S. Army Combined Arms Support Command,
Sustainment Center of Excellence and Fort Lee
Fansu Ku, Military Judge (arraignment)
Michael Hargis, Military Judge (trial)
Colonel Andrew J. Glass, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Aaron R. Inkenbrandt, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Captain Aaron R. Inkenbrandt, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on brief).

28 August 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact, one specification of wrongful sexual contact, and two specifications of conduct unbecoming an officer and a gentleman in violation of Articles 120 and 133, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 933 (2006 and Supp. IV 2011).[*] The panel sentenced appellant to a dismissal,

---

[*] Appellant was also charged with two specifications of assault consummated by a battery (Charge II and its specifications) in violation of Article 128, UCMJ,

(continued . . .)

confinement for sixty days, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ. Appellant raises two assignments of error. Both merit brief discussion and relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

Appellant was convicted of, *inter alia*, the following charges and specifications:

Charge I: Article 120, UCMJ

Specification 1: In that [appellant], did, at or near Petersburg, Virginia, on or about 24 November 2011, engage in sexual contact, to wit: touching the penis of [NC], while the said [NC] was substantially incapable of declining participation in the sexual contact.

Specification 2: In that [appellant], did, at or near Petersburg, Virginia, on or about 24 November 2011, wrongfully engage in sexual contact, to wit: touching the buttocks of [NC] by pressing his body against the said [NC], with [NC], and without the permission of [NC].

Charge III: Article 133, UCMJ

Specification 1: In that [appellant], did, at or near Petersburg, Virginia, on or about 24 November 2011, touch the penis and buttocks of [NC], such conduct being unbecoming of an officer and a gentleman.

### Unreasonable Multiplication of Charges

Appellant's first assignment of error asks us to hold that "the military judge abused his discretion by denying [appellant's] motion to dismiss Specification 2 of

---

(. . . continued)
10 U.S.C. § 928. Pursuant to defense counsel's multiplicity motion, the military judge held both assault specifications were lesser-included offenses of the abusive sexual contact and wrongful sexual contact specifications and dismissed the assault specifications.

Charge I and Specification 1 of Charge III as an unreasonable multiplication of charges with Specification 1 of Charge I" because "all three offenses arose from a single transaction." However, appellant did not, by motion or otherwise, request that the military judge dismiss Specification 2 of Charge I (wrongful sexual contact) as an unreasonable multiplication of charges with Specification 1 of Charge I (abusive sexual contact).

Our review of the record reflects significant litigation during the trial regarding whether "Charge I and its specifications" were either multiplicious or an unreasonable multiplication of charges with "Charge III and its specifications" and "Charge II and its specifications." Given this extensive litigation, we hold appellant waived any claim that Specifications 1 and 2 of Charge I are unreasonably multiplied with each other, and therefore, we decline to address the issue on appeal. *See United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) ("Particularly in view of the extraordinary power of a Court of Criminal Appeals to substitute its judgment for that of the court-martial, the court below was well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture to the type of error at issue in the present case.") (internal citations and quotation marks omitted).

Although appellant also asks us to hold that Specification 1 of Charge III (conduct unbecoming an officer) constitutes an unreasonable multiplication of charges with Specification 1 of Charge I (abusive sexual contact), we find that relief is more appropriately granted by applying a multiplicity analysis.

**Multiplicity**

Regarding multiplicity, the government concedes that the sexual conduct alleged in Specification 1 of Charge III (conduct unbecoming an officer) is the same sexual conduct alleged in Specifications 1 and 2 of Charge I (abusive sexual contact and wrongful sexual contact). When a specific offense alleges criminal conduct that is also charged as conduct unbecoming an officer under Article 133, UCMJ, the specific offense is multiplicious with the Article 133 offense. *United States v. Palagar*, 56 M.J. 294 (C.A.A.F. 2002); *United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); *United States v. Cherukuri*, 53 M.J. 68 (C.A.A.F. 2000). In the past, our superior court has allowed the government to elect which conviction to retain. *Palagar*, 56 M.J. at 296-97; *Frelix-Vann*, 55 M.J. at 333, *Cherukuri*, 53 M.J. at 74. The government has requested this court to set aside and dismiss appellant's conviction of conduct unbecoming an officer (Specification 1 of Charge III). We will do so in the decretal paragraph.

## Unreasonable Post-Trial Delay

Considering the time elapsed between imposition of sentence and the record's arrival at this court *and* a significant post-trial error within that time period, we find unreasonable post-trial delay warranting relief.

The government was accountable for 168 days of post-trial processing time between sentence and initial action for a 340-page record of trial. *See United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (recognizing "a presumption of unreasonable delay . . . . where the action of the convening authority is not taken within 120 days of the completion of trial). An additional 41 days elapsed between initial action and this court's receiving the record of trial; this period of time is significant on its own, yet the government offers no explanation. *See id.* (applying "a similar presumption of unreasonable delay for [cases] . . . where the record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action"). Appellant cited post-trial delay in his Rule for Courts-Martial [hereinafter R.C.M.] 1105 matters, raising an allegation of legal error. However, the Staff Judge Advocate (SJA) did not respond to appellant's allegation of legal error as required by R.C.M. 1106(d)(4). *See United States v. Arias*, 72 M.J. 501, 504-505 (Army Ct. Crim. App. 2013).

The government argues that appellant has not established prejudice as a result of the length of the post-trial process, and we agree. *See Moreno*, 63 M.J. at 138-41. However, prejudice is not required for a service court of criminal appeals to grant relief for post-trial processing delay. *See United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). Article 66(c), UCMJ, requires this court to assess the appropriateness of appellant's sentence in light of presumptively unreasonable and unexplained delay in the post-trial processing of his case. *Toohey*, 63 M.J. 362-63; *Tardif*, 57 M.J. at 224. Considering the entire record, the lack of explanation from the government for a significant period of post-trial delay, and the SJA's lack of response to appellant's assertion of legal error, we find a 30-day reduction in the sentence to confinement is appropriate.

## CONCLUSION

The finding of guilty of Specification 1 of Charge III is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the dismissed specification and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), we are confident the panel would have adjudged the same sentence. There are no dramatic changes in the penalty landscape or exposure because the military judge instructed the panel that Specification 1 of Charge III should be "considered as one for

sentencing purposes with the offenses listed in Specifications 1 and 2 of Charge I." *See Winckelmann*, 73 M.J. at 15-16. The nature of the remaining offenses captures the gravamen of the criminal conduct, and the admissible aggravation evidence remains unchanged. *See id.* at 16.

Reviewing the appropriateness of appellant's sentence in accordance with Art. 66(c), UCMJ, and in light of the unreasonable and unexplained post-trial delay and the SJA's lack of response to appellant's assertion of legal error, the court affirms only so much of the sentence as provides for a dismissal, confinement for 30 days, and forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ art. 75(a).

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court