# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Captain WALTER J. MATHIS**
**United States Army, Appellant**

ARMY 20140473

Headquarters, Fort Stewart
John T. Rothwell, Military Judge (arraignment)
Charles A. Kuhfahl, Jr., Military Judge (trial)
Colonel Francisco A. Vila, Staff Judge Advocate (pretrial)
Lieutenant Colonel Peter R. Hayden, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Nathan S. Mammen, JA (on brief).

13 April 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to wrongfully possess a controlled substance, three specifications of wrongfully possessing a controlled substance, two specifications of larceny, two specifications of conduct unbecoming an officer, and two specifications of solicitation to distribute a controlled substance, in violation of Articles 81, 112a, 121, 133, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a, 921, 933, and 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal. The convening authority approved the sentence as adjudged.

We now review appellant's case under Article 66, UCMJ. Appellant raises two assignments of error, both meriting discussion and relief. We find the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431

(C.M.A. 1982), do not warrant relief. In one assignment of error, appellant alleges that the finding of guilty for conduct unbecoming an officer (Specification 1 of Charge IV) is multiplicious with the finding of guilty for solicitation to distribute oxycodone (Specification 1 of Charge V). Additionally, appellant alleges the findings of guilty for wrongful possession of morphine (Specification 13 of Charge II), larceny of morphine (Specification 1 of Charge III), and conduct unbecoming an officer (Specification 2 of Charge IV) are multiplicious. In a second assignment of error, appellant argues in the alternative, that the charges and specifications should be dismissed on the basis of unreasonable multiplication of charges. We find Specification 1 of Charge IV and Specification 1 of Charge V are multiplicious. We also find Specification 13 of Charge II and Specification 1 of Charge III constitute an unreasonable multiplication of charges. We provide relief in our decretal paragraph.

## BACKGROUND

Appellant, a physician's assistant, was found guilty, *inter alia*, of the following violations of the UCMJ:

CHARGE II: Article 112a, UCMJ

SPECIFICATION 13: In that [appellant], U.S. Army, did, at or near Kandahar Airfield, Afghanistan, between on or about 6 December 2012 and on or about 24 June 2013, wrongfully possess some amount of Morphine, a Schedule II controlled substance.

CHARGE III: Article 121, UCMJ

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Kandahar Airfield, Afghanistan, between on or about 6 December 2012 and on or about 24 June 2013, steal some amount of Morphine, military property, of a value of less than $500.00, the property of the U.S. Army.

CHARGE IV: Article 133, UCMJ

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Kandahar Airfield, Afghanistan, on divers occasions between on or about 15 May 2013 and on or about 17 June 2013, wrongfully ask subordinates to wrongfully distribute Oxycodone, a Schedule II controlled substance, such conduct being unbecoming of an officer and a gentleman.

2

SPECIFICATION 2:  In that [appellant], U.S. Army, did, at or near Kandahar Airfield, Afghanistan, between on or about 6 December 2012 and on or about 24 June 2013, wrongfully steal Morphine intended for convoy missions and replace it with an unknown substance, such conduct being unbecoming an officer and a gentleman.

CHARGE V:  Article 134, UCMJ

SPECIFICATION 1 :  In that [appellant], U.S. Army, did, at or near Kandahar Airfield, Afghanistan, on divers occasions, between on or about 15 May 2013 and on or about 17 June 2013, wrongfully solicit Specialist B.S., Specialist E.R., Specialist S.C., Specialist N.H., Specialist B.A., and Specialist H.F., to wrongfully distribute some amount of Oxycodone, a Schedule II controlled substance, by requesting that Specialist S., Specialist R., Specialist C., Specialist H., Specialist A., and Specialist F. give him some of their prescribed Oxycodone, and that said conduct was to the prejudice of good order and discipline in the armed forces.

### *Multiplicity*

Regarding multiplicity, the conduct alleged in Specification 1 of Charge IV (conduct unbecoming an officer) is the same conduct alleged in Specification 1 of Charge V (solicitation to distribute oxycodone).  When a specific offense alleges criminal conduct that is also charged as conduct unbecoming an officer under Article 133, UCMJ, the specific offense is multiplicious with the Article 133 offense. *United States v. Palagar*, 56 M.J 294 (C.A.A.F. 2002); *United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); *United States v. Cherukuri*, 53 M.J. 68 (C.A.A.F. 2000).  In the past, our superior court has allowed the government to elect which conviction to retain.  *Palagar*, 56 M.J. at 296-97; *Frelix-Vann*, 55 M.J. at 333, *Cherukuri*, 53 M.J. at 74.  The government has requested this court to set aside and dismiss appellant's conviction of solicitation to wrongfully distribute oxycodone (Specification 1 of Charge V).  We will do so in our decretal paragraph.

### *Unreasonable Multiplication of Charges*

Appellant pleaded guilty to one specification of stealing morphine from carpujects located in his unit's medical safe, one specification of possessing the same morphine stolen from the carpujects, and one specification of engaging in conduct unbecoming an officer by wrongfully stealing that same morphine intended for convoy missions and replacing it with an unknown substance.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial 307(c)(4).  We consider five factors to determine whether charges have been unreasonably multiplied:

> (1)  Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2)  Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3)  Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4)  Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;
>
> (5)  Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" was the appropriate legal standard).

Here, the *Quiroz* factors on balance weigh in favor of appellant.  First, defense counsel did object prior to trial to the unreasonable multiplication of charges, but then asked the military judge to delay ruling on the motion, and then never brought the motion up again.  This factor weighs neither in favor of appellant nor the government.  Regarding the second *Quiroz* factor, it appears the possession of morphine and larceny of morphine stemmed from the same act.  This factor weighs in favor of appellant.  Regarding the third factor, findings of guilty against appellant for these two specifications does exaggerate appellant's criminality.  This factor weighs in favor of appellant.  Regarding the fourth factor, appellant's punitive exposure is unreasonably increased for this conduct.  The maximum punishment for both of the specifications combined is a dismissal, six years confinement, and total forfeitures.  Possession of morphine carries a maximum of five years confinement; larceny of morphine, military property, under $500.00 in value, carries a maximum of one year confinement.  The multiplication of these charges could result in an unreasonable increase in appellant's criminal exposure.  This factor weighs in favor of appellant.  Finally, there is no evidence of prosecution overreaching or abuse in the drafting of the charges, so the fifth factor weighs in favor of the government.  On balance, we find the *Quiroz* factors weigh in favor of appellant.

Accordingly, Specification 13 of Charge II (possession of morphine) is dismissed.

We do not find the conduct unbecoming charge to be multiplicious or unreasonably multiplied with the larceny charge because appellant's conduct in stealing morphine from carpujects and replacing it with an unknown substance was a separate, subsequent act. The conduct unbecoming charge was aimed primarily at appellant's conduct that potentially put members of his unit at risk during subsequent operations where morphine may have been medically required.

### *Sentence Reassessment*

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986). This analysis is based on a totality of the circumstances with the following as illustrative factors:

> (1) Dramatic changes in the penalty landscape and exposure.
>
> (2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. This factor could become more relevant where charges address service custom, service discrediting conduct or conduct unbecoming.
>
> (3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.
>
> (4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

*United States v. Winckelmann*, 73 M.J. at 15-16 (internal citations omitted).

Applying these factors to this case, we are confident that reassessment is appropriate. First we look to the penalty landscape. The maximum punishment in this case drops from a dismissal, total forfeiture of pay and allowances, and thirty-eight years confinement, to a dismissal, total forfeiture of pay and allowances, and

5

MATHIS—ARMY 20140473

twenty-eight years confinement.  Second, appellant was sentenced by a military judge.  We are confident we can discern what punishment a military judge would adjudge in this case.  Third, appellant remains convicted of one specification of conspiracy to wrongfully possess a controlled substance, two specifications of wrongfully possessing a controlled substance, two specifications of larceny, two specifications of conduct unbecoming an officer, and one specification of solicitation to distribute a controlled substance.  Thus, neither the penalty landscape nor the admissible aggravation evidence has significantly changed.  Lastly, we have familiarity and experience with the remaining offenses to reliably determine what sentence would have been imposed at trial.

## CONCLUSION

After consideration of the entire record of trial, the findings of guilty of Specification 13 of Charge II and Specification 1 of Charge V are set aside and dismissed.  The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, we AFFIRM the sentence.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court