# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain TYLER F. HO**
**United States Army, Appellant**

ARMY 20140068

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Richard W. Rousseau, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA: Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

22 June 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of forty-eight specifications of indecent recording, nine specifications of indecent viewing, and two specifications of conduct unbecoming an officer and gentlemen, in violation of Articles 120c and 133 Uniform Code of Military Justice, 10 U.S.C. §§ 920c, 933 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal, seven years confinement, and total forfeiture of all pay and allowances. The convening authority approved the findings and sentence as adjudged.

HO-ARMY 20140068

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error, two of which require discussion and relief.[1] Appellant alleges the military judge committed error by not finding Specification 1 of Charge III, alleging conduct unbecoming an officer, multiplicious with numerous specifications of Charge I, alleging indecent recording. We find that these specifications constitute an unreasonable multiplication of charges for findings and grant appropriate relief in our decretal paragraph.[2] Appellant also asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and reduce the approved sentence to confinement by thirty days in our decretal paragraph.

**BACKGROUND**

In October 2012, appellant's unit deployed to Fort Irwin, California, for a training rotation. On divers occasions between 15 October and 17 October 2012, the appellant placed a cell phone set to record in the female latrine/shower building. He accomplished this by dressing as a female and carrying a canvas hygiene bag into the female shower. He then placed a cell phone with the camera pointed toward the showers in the side mesh pocket of the bag. In this way, the cell phone was able to record females as they were using the shower facilities. During one of his trips to the shower to check on the phone, several female soldiers discovered appellant. The military police were called and the appellant's phone was seized. Forensic examination of the phone revealed thirteen video files containing videos of fifty-four females in the shower.

The military judge found appellant guilty of Specification 1 of Charge III, in violation of Article 133, UCMJ, which alleged:

> In that [appellant], did, at or near Fort Irwin, California,
> on divers occasions between on or about 15 October 2012
> and on or about 17 October 2012, videotape, film, and
> record with a cellular phone the private area of [CW2 SC],
> [SGT DW] and [PFC CC] and unknown females, without

[1] The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

[2] Although appellant argues for a finding of multiplicity, we decline to hold the convictions multiplicious as the specifications in question do not run afoul of the elements test in *Blockburger v. United States*, 284 U.S. 299 (1932) and *United States v. Teeters*, 37 M.J. 370 (C.M.A. 1993); *see also United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001) and *United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012).

2

their consent, and under the circumstances these acts
constitute conduct unbecoming an officer and gentleman.

The military judge additionally found appellant guilty of numerous indecent recording specifications of Charge I in violation of Article 120c, UCMJ, including Specifications 1 through 3 which alleged indecent recording of CW2 SC, SGT DW and PFC CC.

Specification 1 of Charge III and the numerous indecent recording specifications of Charge I were based upon the same acts by appellant. Immediately after announcing findings, the military judge announced, "I will consider Specification 1 of Charge III as multiplicious for sentencing with Specifications 1 through 3 of Charge I."[3]

*A. Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2011) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

Applying the factors set forth by our superior court in *Quiroz*, we conclude that appellant's convictions for both Specification 1 of Charge III, conduct unbecoming, and the Specifications of Charge I, indecent recording, represent an unreasonable multiplication of charges as applied to findings. Appellant objected to these charges as an unreasonable multiplication of charges for purposes of findings at trial. As to the second factor, each specification under the respective charge is aimed at the same criminal act—indecent recording of persons without their consent. Third, standing convicted of two separate offenses for one criminal act exaggerates appellant's criminality. An "unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Fourth, a conviction for both of these specifications did not increase appellant's punitive exposure because the military judge merged the offenses for sentencing purposes. Finally, we find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial could support a finding of guilty to all of the specifications.

---

[3] *See Campbell*, 71 M.J. at 23, for the discussion that "there is only one form of multiplicity."

*B. Post-Trial Delay*

The convening authority took action 360 days after the conclusion of appellant's court-martial. Of that delay, 356 days are attributable to the government. The record in this case consists of seven volumes, and the trial transcript is 368 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

The government has not provided any explanation for the lengthy post-trial delay in processing this case. The delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

The finding of guilty as to Specification 1 of Charge III is set aside and that specification is DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the potential maximum sentence remains the same since the military judge treated both specifications as one for sentencing. Second, we note appellant elected to be tried by a military judge sitting alone, so we are confident the sentence would not have changed had Specification 1 of Charge III and the several specifications of Charge I been merged at trial. Third, we find the remaining offenses capture the gravamen of appellant's criminal conduct which, ultimately, stemmed from the same acts. Finally, based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

4

Having conducted this reassessment and considering the dilatory post-trial processing, we AFFIRM only so much of the sentence as provides for a forfeiture of all pay and allowances, confinement for six years and eleven months, and dismissal from the service. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court