# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and SALUSSOLIA
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class JEREMY S. NIX**
**United States Army, Appellant**

ARMY 20190749

Headquarters, United States Army Center of Excellence and Fort Gordon
Charles L. Pritchard, Jr., Military Judge
Colonel Danyele M. Jordan, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Brian D. Jones, JA; Captain A. Benjamin Spencer, JA (on brief).

4 August 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

A military judge sitting as a general court-martial convicted appellant pursuant to his pleas, of eleven specifications of maltreatment, two specifications of wrongful use of a controlled substance, and nine specifications of larceny, in violation of Articles 93, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 912a, and 921 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only three months of the sentence to confinement, and the remainder of the adjudged sentence.

We review this case under Article 66, UCMJ. Appellant assigned two errors, one of which merits discussion and relief.

## BACKGROUND

The offenses for which appellant stands convicted transpired during his assignment as a platoon sergeant for an Advanced Individual Training (AIT) unit at Fort Gordon, Georgia. On eleven different occasions, appellant, while acting under the authority of his position as a platoon sergeant, permanently deprived eleven AIT soldiers of their prescription medication for his own unauthorized personal use. In addition, appellant used two different controlled substances resulting in positive urinalyses.

Prior to receiving appellant's plea, the military judge advised him that he should make any motions to dismiss or for other appropriate relief at that time. Appellant's civilian defense counsel affirmatively responded, "[y]our honor, the defense has no motions." Now, for the first time, appellant asserts that the nine specifications of Charge III (larceny) are multiplicious with Specifications 3 through 11 of Charge I (maltreatment). We agree.

## LAW AND DISCUSSION

To determine whether two charges are multiplicious, we must first determine whether the charges are facially duplicative or based on separate acts. *United States v. Coleman*, 79 M.J. 100, 103 (C.A.A.F. 2019); *see also United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997) (An unconditional guilty plea waives a multiplicity issue unless the offenses are "'facially duplicative,' that is, factually the same.") (citations omitted). Whether two offenses are facially duplicative is a question of law that we will review de novo. *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004).

Two offenses are not facially duplicative if each "requires proof of a fact which the other does not." *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). The facially duplicative analysis turns on both "the 'factual conduct alleged in each specification'" and "the providence inquiry conducted by the military judge at trial." *Id.* (quoting *United States v. Harwood*, 46 M.J. 26, 28 (C.A.A.F. 1997)).

If the two charges are facially duplicative, we then consider "whether Congress made 'an overt expression of legislative intent' regarding whether the charges should be viewed as multiplicious." *Coleman*, 79 M.J. at 103 (quoting *United States v. Teters*, 37 M.J. 370, 376 (C.M.A. 1993)). If "there is no overt expression of congressional intent, we must seek to infer Congress's intent based on the elements of the violated statutes and their relationship to each other." *Id.* (citation and internal quotation marks omitted). An accused may not be convicted for two separate offenses where one is necessarily included in the other. *See United States v. Britton*, 47 M.J. 195, 197 (C.A.A.F. 1997).

In this case, the nine specifications of Charge III each charged appellant with larceny by stealing prescription pain medication. Other than each specification identifying different victims and different dates, the specifications read the same. For example, Specification 1 of Charge III states, "In that [appellant] did, at or near Fort Gordon, Georgia, on or about 27 October 2017, steal prescription medication, of a value of less than $500, the property of Private [ES]."

Specifications 3 through 11 of Charge I charge appellant with maltreatment by depriving the same nine soldiers of their prescription medication on the same dates alleged in the specifications of Charge III.* For instance, Specification 3 of Charge I relating to victim Private ES states, "In that [appellant], at or near Fort Gordon, Georgia, on or about 27 October 2017, did maltreat Private [ES], a person subject to his orders, by depriving him of his prescription pain medication."

Having considered both the pleadings and the providence inquiry, we find the factual conduct underlying the larceny offenses is the same conduct underlying the maltreatment offenses. During the providence inquiry into the larceny specifications, appellant candidly explained that he wrongfully obtained the soldiers' prescriptions through mostly false pretenses and misusing his position as an AIT platoon sergeant. Appellant also admitted that each time he wrongfully deprived the soldiers of the prescription medication he did so with the specific intent to permanently deprive them.

It is obvious from the record that appellant and the military judge understood that this same conduct was also the conduct underlying the maltreatment offenses against these same soldiers. The limited colloquy between the military judge and appellant discussing the conduct related to the maltreatment offenses is a follows:

> MJ: So let's focus the conversation here because we talked about many of the facts already except with regard to Privates [CM] and [AR].
>
> ACC: Yes, Your Honor. I maltreated--are we doing both?
>
> MJ: Let's--I am going to try to focus here with some questions for you. So with regard to everybody but Privates [CM] and [AR], are all the locations and dates that we talked about with regard to Charge III correct?

---

* Specification 1 and 2 of Charge I charged appellant with maltreatment by depriving Privates CM and AR of their prescription medication. For reasons unknown to this court, the government did not likewise charge offenses of larceny for this misconduct.

ACC: Yes, Your honor.

MJ: Okay. So these are all the same events that we talked about with regard to the larceny, right?

ACC: Yes, Your Honor.

As the factual predicate for both the larceny and maltreatment offenses is identical, we conclude that the nine specifications of Charge III are facially duplicative with Specifications 3 through 11 of Charge I. *See generally United States v. Frelix-Vann*, 55 M.J. 329 (C.A.A.F. 2001); *United States v. Long*, ARMY 20150337, 2017 CCA LEXIS 131 (Army Ct. Crim. App. 28 Feb, 2017) (summ. disp.). Having found appellant's convictions for both larceny and maltreatment facially duplicative, we next analyze whether Congress intended to criminalize larceny and maltreatment separately. *See Coleman*, 79 M.J. at 103. Congress's intent is clear after looking at the elements of each offense. As Congress included elements for each offense that are not contained in the other, we infer that Congress intended to criminalize each offense separately. *Compare* UCMJ art. 93, *with* UCMJ art. 121; *see Coleman*, 79 M.J. at 103 ("[I]f each statute requires proof of an element not contained in the other, it may be inferred that Congress intended for an accused to be charged and punished separately under each statute.) (citations omitted).

Even though we infer that Congress intended to criminalize larceny and maltreatment separately, we nonetheless find appellant's convictions multiplicious because the government's charging decision made the elements of larceny necessarily included in the maltreatment specifications. Specifically, in the maltreatment specifications, the government charged appellant with "depriving" the soldiers of their prescription pain medication. By employing this charging decision, under the unique facts of this case, the government alleged, and was required to prove, that appellant maltreated the soldiers by committing larceny against them. Put another way, the government's charging decision in this case made the larceny specifications lesser-included offenses of the maltreatment specifications. As an accused may not be convicted for two separate offenses where one is necessarily included in the other, we find appellant's larceny convictions multiplicious with his maltreatment convictions. *See United States v. Britton*, 47 M.J. 195, 197 (C.A.A.F. 1997).

By holding that appellant's larceny convictions are multiplicious with his maltreatment convictions, we next decide which conviction should be set aside to remedy the error. The government has essentially requested this court set aside and dismiss appellant's larceny convictions. In the past, our Superior Court has permitted the government to make such an election. *See United States v. Cherukuri*, 53 M.J. 68, 74 (C.A.A.F. 2000); *Frelix-Vann*, 55 M.J. at 333; *United States v. Palagar*, 56 M.J. 294, 296-97 (C.A.A.F 2002). Consistent with our Superior Court's guidance, we grant the government's request in our decretal paragraph.

## CONCLUSION

For the reasons discussed above, the findings of guilty for the specifications of Charge III are SET ASIDE and those specifications are CONDITIONALLY DISMISSED, subject to Specifications 3 through 11 of Charge I surviving the final judgment as to the legality of the proceedings. *See* UCMJ art. 57(c)(2) (defining final judgment as to the legality of the proceedings). The remaining findings of guilty are AFFIRMED.

We next reassess appellant's sentence in accordance with the principles articulated by our Superior Court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Setting aside appellant's convictions of larceny reduces the maximum punishment sentence to confinement from thirty-three years and six months to twenty-nine years. Additionally, the gravamen of appellant's criminal conduct remains unchanged. As to the eleven maltreatment offenses for which appellant remains convicted, he preyed on AIT soldiers using his positon of authority to permanently deprive them of their needed prescription medication. Appellant also remains convicted of two specifications of wrongfully using a controlled substance.

These remaining offenses are of the type with which this court has experience and familiarity, and can reliably determine what sentence would have been imposed at trial. Also weighing in favor of reassessment is the fact that appellant chose to be sentenced by a military judge, whose adjudged sentence included confinement for ten months, far less than the new authorized maximum.

We are confident that the remaining offenses would have yielded a sentence at least equal to that adjudged in appellant's case, which was subsequently reduced in accordance with appellant's pretrial agreement. We therefore AFFIRM appellant's approved sentence of a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5