*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellee

**v.**

## Jesus D. CARDENAS, Sergeant
United States Army, Appellant

### No. 20-0090
Crim. App. No. 20180416

October 28, 2020—Decided Date January 25, 2021

Military Judges: James Ewing and Daniel G. Brookhart

For Appellant: *Captain Thomas J. Travers* (argued); *Lieutenant Colonel Tiffany D. Pond, Major Kyle C. Sprague,* and *Captain James J. Berreth* (on brief).

For Appellee: *Major Craig J. Schapira* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Wayne H. Williams,* and *Captain Brian Jones* (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge STUCKY, Judges OHLSON and MAGGS, and Senior Judge EFFRON, joined.

———————————

Judge SPARKS delivered the opinion of the Court.

We granted review on the following issue:

> Whether the Army Court, after finding Appellant's convictions were multiplicious, erred in permitting the Government to choose which of the Appellant's convictions to dismiss on appeal.

*United States v. Cardenas*, 80 M.J. 101 (C.A.A.F. 2020) (order granting review).

For some time, we have permitted the courts of criminal appeals to remedy multiplicity error identified on appeal by allowing the government to elect which multiplicious conviction to retain and which to dismiss. *See, e.g., United States v. Palagar*, 56 M.J. 294, 296–97 (C.A.A.F. 2002); *United States v. Frelix-Vann*, 55 M.J. 329, 333 (C.A.A.F. 2001); *United States v. Cherukuri*, 53 M.J. 68, 74 (C.A.A.F.

2000). Because Appellant has not presented any persuasive reasons for this Court to overrule our prior decisions, we affirm the judgment of the lower court.

## Background

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of abusive sexual contact, sexual assault, maltreatment, and obstruction of justice, in violation of Articles 93, 120, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 893, 920, 934 (2012). The adjudged and approved sentence consisted of reduction to the grade of E-1, a dishonorable discharge, and confinement for five years.

Upon appellate review, the United States Army Court of Criminal Appeals found that, as charged, sexual assault was a lesser included offense of maltreatment, which rendered the convictions multiplicious. To remedy the multiplicity error, the Government requested the lower court set aside and dismiss the maltreatment conviction. Consistent with our remedy to cure multiplicity error established in *Cherukuri*, 53 M.J. at 74, the lower court granted the Government's request and dismissed Appellant's maltreatment conviction.[1] The lower court reassessed the sentence and affirmed only so much of the sentence as provided for a reduction to the grade of E-1, a dishonorable discharge, and confinement for four years.

## Discussion

The question before us is which conviction should be set aside to cure a multiplicity error identified on appeal. "The scope of an appellate court's authority is a legal question this Court reviews de novo." *United States v. English*, 79 M.J. 116, 121 (C.A.A.F. 2019). In *Cherukuri*, 53 M.J. at 74, to remedy a multiplicity error identified on appeal, we remanded to the lower court so that the government could elect which multiplicious conviction to retain. We have since approved this practice in two subsequent cases. *Palagar*, 56 M.J. at 296–97 (affirming the practice of allowing the government to

---

[1] In considering an unrelated issue, the lower court also set aside Appellant's obstruction of justice conviction as factually insufficient.

elect which conviction to retain); *Frelix-Vann*, 55 M.J. at 333 (affirming the practice of "leav[ing] to the [g]overnment the decision which conviction to retain").

Appellant contends that our method to remedy a multiplicity error identified on appeal is unreasonable and unworkable because it is at odds with *United States v. Elespuru*, 73 M.J. 326 (C.A.A.F. 2014), Rule for Courts-Martial (R.C.M.) 921(c)(5), and R.C.M. 1003(c)(1)(C)(i). Appellant argues that these cases and rules require dismissal of the lesser included offense to remedy multiplicity error. Appellant asks this Court to overturn our precedent and issue a blanket rule that the lesser included offense must be dismissed to remedy multiplicity error.

When asked to overrule one of our precedents, we analyze the matter under the doctrine of stare decisis. *United States v. Blanks*, 77 M.J. 239, 241–42 (C.A.A.F. 2018). Stare decisis is the doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again. *United States v. Andrews*, 77 M.J. 393, 399 (C.A.A.F. 2018). "[A]dherence to precedent is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Id.* (internal quotation marks omitted) (quoting *Blanks*, 77 M.J. at 242).

Applying stare decisis is not an inexorable command, and we are not bound by precedent when there is a significant change in circumstances after the adoption of a legal rule, or an error in legal analysis. *Id.* In evaluating the application of stare decisis, we consider: "whether the prior decision is unworkable or poorly reasoned; any intervening events; the reasonable expectations of servicemembers; and the risk of undermining public confidence in the law." *Id.* (citation omitted) (internal quotation marks omitted). As to the first factor, we consider not whether the interpretation at issue is plausible, but whether the decisions are so unworkable or poorly reasoned that they should be overruled. *Id.*

Multiplicity is grounded in the Double Jeopardy Clause of the Fifth Amendment, which prohibits multiple punishments "for the same offen[s]e." U.S. Const. Amend. V; *see also* Article

44(a), UCMJ, 10 U.S.C. § 844(a) (2018) ("No person may, without his consent, be tried a second time for the same offense."). Therefore, "[t]he Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). But, mandating which conviction to dismiss to remedy multiplicity error is not dictated by the Constitution, as dismissing either conviction eliminates the double jeopardy issue.[2] *Palagar*, 56 M.J. at 297 (In such a case, "[t]he error to be remedied is a double conviction for the same act."); *United States v. Peel*, 595 F.3d 763, 768 (7th Cir. 2010) ("The remedy is to eliminate the doubleness."). Application of our precedent in *Cherukuri* and its progeny to remedy multiplicity error by permitting the Government to elect which multiplicious conviction to retain and which to dismiss ensures a judgment free of the constitutional infirmity of a double conviction for the same act.

Appellant's arguments that the lesser included offense must be dismissed are unavailing. First, in *Elespuru*, 73 M.J. at 330, although this Court dismissed an offense that the appellant claimed was a lesser included offense, we did not state that an appellate court must dismiss the lesser included offense. We note that the government in its brief in *Elespuru* specifically asked this Court to dismiss the purported lesser included offense. Final Brief on Behalf of the United States at 2–3, *United States v. Elespuru*, No. 14-0012 (C.A.A.F. Dec. 12, 2013) (asserting that "the proper remedy in this case would be for this Honorable Court to dismiss the [lesser included offense]"). This Court accordingly had no need to remand the case to determine which offense the government elected to have dismissed.[3] Second,

---

[2] While often it is the lesser included offense which is dismissed, in the instant case, the lesser included offense is the more serious offense because it carries higher punitive exposure. It was therefore not unreasonable for the Government to request that the elementally greater offense be dismissed.

[3] In *Elespuru*, we did not determine that one offense was a lesser included offense of another because we concluded that the appellant waived the multiplicity issue. 73 M.J. at 328–29. Instead, we addressed whether the two offenses charged for exigencies of

R.C.M. 921(c)(5) states that a lesser included offense should not be voted on by members if an accused is found guilty of the greater offense. But, R.C.M. 921(c)(5) has limited value to the question before us because the multiplicity error was not discovered until the appellate level. Finally, R.C.M. 1003(c)(1)(C)(i) is not helpful, as it does not address which multiplicious conviction must be dismissed, only that dismissal of a multiplicious charge must occur. R.C.M. 1003(c)(1)(C)(i) ("A charge is multiplicious and must be dismissed if the proof of such charge also proves every element of another charged offense.").

For the reasons stated above, there is no compelling reason submitted to show our method to remedy multiplicity error is poorly reasoned or unworkable.[4] We have also considered the other factors affecting our application of stare decisis and concluded that they do not assist Appellant's argument.

For completeness, we note that allowing the government to elect which multiplicious conviction to retain and which to dismiss is not the sole method to remedy multiplicity error

---

proof "may stand" and we then decided to dismiss the offense carrying the lower sentence. *Id.* at 329–30.

[4] In *Cherukuri*, we stated that "dismissal of the lesser-included offense is required by the Supreme Court's recent cases on the Double Jeopardy Clause of the United States Constitution." 53 M.J. at 71 (citing *Rutledge v. United States*, 517 U.S. 292, 307 (1996); *Ball v. United States*, 470 U.S. 856, 865 (1985)). Unfortunately, this sentence misstates what the Supreme Court actually held, and, it does not reflect the remedy ordered in *Cherukuri*. When offenses are multiplicious, the Supreme Court does not require the dismissal of the lesser included offense but instead instructs "the District Court[s] [to] exercise [their] discretion to vacate one of the convictions." *Ball*, 470 U.S. at 865; *see also Rutledge*, 517 U.S. at 307 (remanding and noting that one of the petitioner's convictions "must be vacated"). Furthermore, if dismissal of the lesser included offense was mandatory, we would not have provided the government the option to choose which conviction to retain. *Cherukuri*, 53 M.J. at 74. We can, however, understand why our statement may have caused confusion. To alleviate further confusion, this specific language in *Cherukuri* is abrogated to the extent it holds that the dismissal of the lesser included offense is required to cure multiplicity error identified on appeal.

identified on appeal. In *Palagar*, 56 M.J. at 296–97, we acknowledged that ordering a remand to the lower court so the government could elect to retain either conviction would be appropriate under *Cherukuri* and *Frelix-Vann*, but declined to do so because it was more judicially economical for this Court to dismiss one of the multiplicious convictions. In the instant case, the lower court, by granting the Government's request to dismiss the maltreatment conviction, recognized that it likewise had ultimate control of which conviction to dismiss. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012) (the lower court "may affirm only such findings of guilty … as it finds correct in law and fact and determines, on the basis of the entire record, should be approved"). Consistent with our precedent, we reiterate that an appellate court may remedy multiplicity error by either permitting the government to elect which conviction to dismiss or by making the election itself. Either remedies the error of a double conviction for the same act.

### Decision

The lower court did not err by permitting the Government to elect which conviction to dismiss in order to remedy multiplicity error identified on appeal. Accordingly, the judgment of the United States Army Court of Criminal Appeals is affirmed.